J. C. HEISSLER, Appellee, v. STRANGE BROS. HIDE COMPANY et al., Appellants.

No. 40883.

June 20, 1931.

Henderson, Hatfield & Wadden, for appellee.

Jepson, Struble & Sifford, for appellants.

Evans, J.—Two grounds of objection were urged before the Commissioner and in the district court: (1) that the claimant was intoxicated at the time of receiving his injury; (2) that the injuries did not arise out of, and in the course of, employment of the claimant.

In deference to the finding of the Commissioner, the defendant does not press upon our attention the first ground, but predicates its present complaint upon the second ground. The defendant was engaged in the business of buying hides, and had its headquarters at Sioux City. The claimant was its employee in the purchase of hides at retail from farmers. He had an indefinite territory over which he travelled in an automobile owned by the defendant-company. He went out upon selected territory every Sunday night or Monday morning and returned on Saturday night either to Sioux City or to the home of his parents on a farm near Bronson, some miles from Sioux City. The claimant had been married and divorced and had no home of his own at the time in question. His little son was left in the custody of his parents at their farm home, and he usually made his home there at the week-end. On the day of the accident, the claimant had been at work upon his territory in and about Battle Creek and was so engaged until six o'clock in the evening. At that hour he started in the direction of Sioux City and Bronson with intent at that time to go to Sioux City. He was uncertain in his mind as to whether he would stay in Sioux City for the week-end or go on to Bronson from Sioux City. While on his way, and at about 7:00 P.M., he was injured in

an automobile accident. The argument for the appellant is that the claimant had no occasion to go to Sioux City for the purpose of business for his employer and that he was going simply for his own purposes. The evidence of the claimant upon which this argument is made is susceptible to a varying interpretation. Properly interpreted, we think it means no more than that the claimant had no definite or pressing reason why, or whether, he should go to Sioux City or to Bronson for the week-end. At the close of the week he necessarily went somewhere to await the beginning of the next week. He received all his instructions from time to time from the headquarters at Sioux City. He sometimes got these Sunday night or Monday morning, and sometimes got none at all. He was under no specific requirement to be at Sioux City at any particular time or for any particular purpose. He testified that he was not expecting to report to headquarters that evening because it was "after hours." The substance of his evidence is that having spent the week upon his territory up to six o'clock Saturday P.M. he then started for headquarters and was hurt on the way. The commissioner disposed of the appellant's contention as follows:

"A traveling salesman or canvasser is assumed to be under coverage after the completion of his work for the day or for the week when he shall have reached his home or a place that may be reasonably regarded as his headquarters. In the usual sense this man had no home, though he put in odd time with his parents and his boy on the farm. It was not unreasonable that he should spend the week-end at his business headquarters in the city. Sioux City was the practical end of his route."

The question raised was essentially one of fact and we think that the finding of the Commissioner above, is quite binding upon us.

The judgment below is accordingly affirmed.

ALBERT, MORLING, KINDIG, and GRIMM, JJ., concur.